

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1ST QUALITY PRODUCE, INC., a California corporation; JHP PRODUCE, INC., a California corporation, dba J. Hellman Produce; DIRECT PRODUCE, INC., a California corporation; GO-FRESH PRODUCE, INC., a California corporation; EXCELL PROD, INC. a California corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>JARZ, INC., a California corporation, dba S&L DISTRIBUTION, dba LIPKIN DISTRIBUTION,<br><br>Defendant. | CASE NO. 2:19-cv-07314-CAS-SK<br><br>CONSENT INJUNCTION AND AGREED ORDER ESTABLISHING PACA CLAIMS PROCEDURE |

Before this Court is the Consent Order Injunction and Agreed Order Establishing PACA Claims Procedure (the "Order") proposed by Plaintiffs and Defendant listed in the aforementioned captions. The parties request that this Court enter a Preliminary Injunction against Defendant under the trust provisions of the Perishable Agricultural

1

Commodities Act of 1930, as amended, 7 U.S.C. §499 ("PACA") and PACA Trust Claims Procedure. Having reviewed the Order, the Court orders the following:

**FINDINGS OF FACT**

1. On or about August 22, 2019, Plaintiffs, 1st Quality Produce, Inc., JHP Produce, Inc. dba J. Hellman Produce, Direct Produce, Inc., Go-Fresh Produce., Inc. and Excell Prod, Inc. (collectively "Plaintiffs") initiated this action to enforce their respective statutory trust right under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e., *et seq.* ("PACA") against Defendant Jarz, Inc. dba S&L Distribution and Lipkin Distribution ("Jarz" or "Defendant").

2. Jarz, Inc. has ceased its operations and is currently winding down its business affairs.

3. Absent Defendant's consent to the relief requested in this Order, Plaintiffs would have continued their active pursuit of permanent injunctive relief.

**CONCLUSIONS OF LAW**

4. This Court has subject matter jurisdiction over this action under PACA, 7 U.S.C. § 499e(c)(5) and 7 U.S.C. § 499e(b)(2), pursuant to 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over Plaintiffs' other claims pursuant to 28 U.S.C. § 1367(a).

6. The Court has *in rem* jurisdiction over the Plaintiffs' claims pursuant to, *inter alia*, 28 U.S.C. § 1655.

7. The Court is satisfied that venue in this District is appropriate, based on 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to

Plaintiffs' claims occurred in this district and a substantial part of the property or trust *res* that is the subject of this action is situated in this District.

8. PACA establishes a statutory trust under which Defendant is a trustee required to hold all its perishable agricultural commodities ("Produce"), inventories of food or other products derived from Produce, receivables or proceeds from the sale of Produce and its products, and all inventories or assets purchased or maintained with the funds from a commingled account (collectively, the "PACA Trust Assets") in trust for the benefit of its Produce suppliers and sellers, such as Plaintiffs. 7 U.S.C. § 499e(c)(2).

**AGREEMENT**

9. Counsel for the parties have conferred in an attempt to conserve fees and costs as well as the Court's time in connection with this action, and have reached an agreement regarding the terms of this Order.

10. Defendant does not object to the entry of this Order, and have waived personal service and any objection to the Court's exercise of both personal and subject matter jurisdiction in this matter in connection with the entry of this Order.

11. Defendant does not object to the entry of an injunction against them upon the terms reflected in this Order and any additional terms this Court deems necessary to give effect to such a request for issuance of this Order.

12. Plaintiffs assert that all PACA Trust Assets currently in Defendant's possession or under Defendant's custody or control rightfully belong to Plaintiffs and all holders of valid PACA trust claims (collectively, the "PACA Trust Beneficiaries"), and, except as stated in this Order, may not be used to pay any non-PACA trust debt, until all PACA trust claims have been fully satisfied.

13. The parties acknowledge and agree that Defendant used proceeds from the sale of Produce to acquire other assets, including without limitation, machinery, furniture, fixtures, equipment, vehicles, leases, and leasehold improvements (the "Assets"), and such Assets are impressed with the PACA trust available for distribution to PACA Trust Beneficiaries. Defendant is in the process of liquidating unencumbered Assets for the benefit of valid PACA Trust Beneficiaries.

14. Plaintiffs reserve the right to pursue their PACA trust claims, including without limitation any deficiency claims against any person, entity, party or potential transferees of the PACA Trust Assets.

15. Defendant recognizes that PACA Trust Beneficiaries are entitled to a beneficial interest in the single floating pool of Defendant's PACA Trust Assets.

16. Defendant reserves all rights to contest the amount, validity and PACA trust status of the claims of the PACA Trust Beneficiaries who properly join this action, as well as all legal and equitable defenses available with respect to the claims asserted in this case, including the right to seek to be removed from obligations contained in this Order.

17. Plaintiffs and Defendant agrees that this Order is reasonable and necessary to:

 (A) Identify creditors with valid PACA trust claims;

 (B) Determine the amounts and validity of PACA trust claims;

 (C) Provide a framework for the orderly liquidation and distribution of Defendant's PACA Trust Assets to PACA Trust Beneficiaries;

 (D) Maximize the recovery for PACA Trust Beneficiaries and,

consequently, minimize the potential personal liability of Mr. Kahn and any third parties that may have received PACA Trust Assets; and

(E) Ensure that the rights of all PACA Trust Beneficiaries and the rights of Defendant is efficiently addressed in a single proceeding without the expense of administering multiple separate actions regarding Defendant's statutory obligations to all such beneficiaries.

18. Plaintiffs and Defendant agree that the costs and expenses of liquidating Defendant's Assets will be payable from the PACA Trust Account, as defined below, and that these expenses are necessary and reasonable to collect and distribute the PACA Trust Assets.

Based on the foregoing, **IT IS HEREBY AGREED AND SHALL BE ORDERED**, as follows:

## **CONSENT INJUNCTION**

19. This Court exercises exclusive jurisdiction over the *res* comprising the Defendant's PACA Trust Assets.

20. Pursuant to FRCP 65, this Order is binding upon Jarz, its members, managers, principals, officers, shareholders, directors, employees, agents, banks, factors, lenders, assignees, consultants, advisors, attorneys, and persons acting in concert with them, and all other persons or entities receiving actual notice of the entry of this Order (the "Enjoined Parties").

21. Actual notice includes, receipt of a copy of this Order by personal service, U.S. mail, fax, email or overnight courier, which service is good and sufficient.

22. The Enjoined Parties are restrained and prohibited, under the Court's power of contempt, from engaging in, committing, directly or indirectly, any or all of the following acts or activities, except stated in this Order:

    (A) removing, withdrawing, transferring, concealing, paying, encumbering, assigning, or selling to any other person or entity, the proceeds (including cash and accounts receivable) from any Produce sales, including any products derived therefrom, disposing of, destroying, and/or altering the books and business records and computer system including servers of Jarz, and

    (B) removing, withdrawing, transferring, concealing, paying, encumbering, assigning, or selling or otherwise dissipating the PACA Trust Assets of Jarz and other property which was acquired or maintained with the use of PACA Trust Assets, pending future determination by the Court as to the present nature, location, value, of PACA Trust Assets.

23. Considering the agreement reached between Plaintiffs and Defendant, the remedial nature of PACA, and in recognition of the fact that Defendant are currently in possession of the PACA Trust Assets, the Court finds good cause to set the bond in this matter at $0.00.

**ESTABLISHMENT OF PACA TRUST ACCOUNT**

24. Plaintiffs' Counsel, June Monroe, of the law firm Rynn & Janowsky, LLP, shall immediately establish a separate interest bearing FBO account under a federal tax

ID number of Jarz, under the name of "Jarz PACA Trust Account" ("PACA Trust Account").

25. No later than five business days after the date of this Order, Defendant shall immediately transfer or cause to be transferred all funds in their possession, custody or control, to Plaintiffs' Counsel, for deposit into the PACA Trust Account and shall continue depositing all PACA Trust Assets recovered, or otherwise required to be deposited under this Order, into this account, for the benefit of PACA Trust Beneficiaries.

26. For purposes of segregation and tracing, Defendant, and its agents or attorneys, shall deposit and account for all sales proceeds attributed to the Produce into the PACA Trust Account for all sales after entry of this Order.

27. No distributions or withdrawals may be made from the PACA Trust Account, except as authorized in this Order or by further order of this Court. Specifically, distribution or withdrawals are permitted for permitted uses of the PACA Trust Assets under paragraphs 29-30, and for subsequent distribution after validation and confirmation of the PACA Trust Chart under paragraphs 55-56. The PACA Trust Account is for the benefit of all of Defendant's PACA Trust Beneficiaries and is not subject to execution by any other creditor of Defendant.

28. Any and all interest which accrues on the funds in the PACA Trust Account, or which has accrued on any PACA Trust Assets on deposit in any other account prior to being transferred to the PACA Trust Account as set forth herein, from the date the account was opened to the date of distribution, shall follow the funds into the

hands of the parties ultimately deemed by a court of competent jurisdiction to be entitled to such funds.

### **PERMITTED USE OF PACA TRUST ASSETS**

29. For the purposes of this Order, the Court finds that Defendant lacks sufficient cash or other assets from non PACA trust sources, to the extent such non-PACA Trust Assets are determined to exist, to finance either the administration of the PACA trust or the marshalling and collection of the Defendant's Assets for deposit into the PACA Trust Account. Other attorneys or professionals ("Professionals") may be engaged to marshal and collect PACA Trust Assets. Plaintiffs and Jarz anticipate that the Professionals may be: (1) Gary Sherman, of the law firm of Gary Sherman, present collection attorney for Jarz; (2) June Monroe, of the law firm of Rynn & Janowsky, LLP, counsel for Plaintiffs; or (3) other professional agreed to by the parties or appointed by the Court.

30. All PACA Trust Beneficiaries share the burden of the costs and expenses incurred in marshalling, collecting and administering the PACA Trust Assets. Professionals seeking payment of fees and costs shall serve via fax or e-mail the attorneys of record for the PACA Trust Beneficiaries with its/his/her proposed fees and costs ("Administrative Costs") that benefitted the PACA Trust Beneficiaries on a not more than monthly basis. If no written objections are made no later than five (5) business days after the date of notification, Plaintiffs' Counsel is authorized to withdraw monies from the PACA Trust Account to pay the Administrative Costs. In the event an objection to payment is made and cannot be resolved by the parties, the objecting party shall, no later than ten (10) business days after the date of its objection, submit the dispute by motion to

the Court. If the dispute is not submitted to the Court within this time frame, the objection is deemed to be withdrawn, and Plaintiffs' Counsel is authorized to withdraw monies to pay the Administrative Costs.

**LIQUIDATION OF THE ASSETS**

31. Defendant acknowledges that the Assets are impressed with the PACA trust. Defendant is in the process of liquidating unencumbered Assets for the benefit of valid PACA Trust Beneficiaries. Defendant will turnover sales proceeds to the Assets to Plaintiffs' Counsel for deposit into the PACA Trust Account.

**CLAIMS PROCEDURE**

32. Except as stated in this Order, all persons or entities having unsatisfied claims against Jarz arising under or relating to PACA for unpaid Produce sales to Jarz have the right to seek a recovery of such claims only in this action by following the procedure established in this Order. Nothing in this Order serves as a bar or stay of any other litigation against Jarz in other courts of competent jurisdictions that do not involve rights or claims with respect to the *res* of the PACA trust of Jarz and do not involve claims for restoration or liability for dissipation of such trust, all such actions being stayed by this Order.

33. The efficient administration of justice requires parties that claim to be PACA Trust Beneficiaries, have rights to the assets of Jarz, or whose interests may be affected by this Order or by the results of this action, to intervene in this matter under Federal Rule of Civil Procedure 24(a).

34. This intervention requires such persons to assert their rights in this action by an established bar date in order to determine the relative rights of such persons or

entities in Jarz' assets, close the class of potential PACA Trust Beneficiaries, to prove their claims, share in any distribution of PACA Trust Assets recovered, avoid duplicate actions and determine the amount of liability of each Defendant.

35. To effectuate service of this Order on Jarz' creditors, Plaintiffs' Counsel acknowledge Defendant has disclosed a detailed list of all outstanding accounts receivable, accounts payable, and all other assets held in Jarz' names to Plaintiffs' Counsel.

36. No later than the deadline for "Counsel to Issue Notice of Deadlines," in ¶ 37, Counsel for Jarz shall file and serve a written notice (the "Notice"), in a form substantially similar to the notice attached as **Exhibit 1**, to all suppliers and creditors of Jarz, who have not appeared in these actions, of the deadlines stated in this Order. Counsel for Jarz shall promptly file a proof of service of the Notice. In addition, notice to all produce suppliers must include a copy of the copy of the Order, a PACA Proof of Claim form ("PACA Proof of Claim"), in a form substantially similar to the form attached as **Exhibit 2,** for the convenience of the recipient, and must be sent via U.S. mail, coupled with email or facsimile, or equally verifiable means to prove delivery upon the recipient.

37. The Notice shall be structured on the following schedule:

| | |
|---|---|
| **Counsel to Issue Notice of Consent Injunction and PACA Claims Procedure Order** | **September 26, 2019** |
| **Deadline to Intervene in this Action** | **October 29, 2019** |
| **Deadline to File and Serve PACA Proof of Claim** | **October 29, 2019** |

| Deadline to File and Serve Objections to PACA Claims | November 19, 2019 |
|---|---|
| Deadline to File and Serve Replies to Claims Objections | December 5, 2019 |
| Deadline to File and Serve PACA Trust Chart | December 19, 2019 |
| Deadline to File and Serve Objections to PACA Trust Chart | January 3, 2020 |
| Deadline to File and Serve Motion to Resolve Claim Objections and Objections to PACA Trust Chart | January 17, 2020 |
| Anticipated Interim Distribution Deadline | March 12, 2020 |

38. Each creditor of Defendant holding a claim and alleging rights under the PACA trust, shall file with the Clerk of the Court for this District, and the undersigned Counsel, on or before the Proof of Claim deadline, a PACA Proof of Claim in the form attached as **Exhibit 2**, together with any and all documents supporting its claim, claim and a Complaint in Intervention, which complies with Federal Rule of Civil Procedure 8(a). For purposes of complying with the requirements of this paragraph, Amended Complaints and Complaints in Intervention may be filed based upon this Order and without the need to file any other motion for leave to file the Amended Complaint or the Complaint in Intervention.

39. The Proof of Claim must contain an expressed acknowledgment and consent by the potential PACA Trust Beneficiary to the following: (1) that it voluntarily subjects itself to the jurisdiction of this Court for all purposes relating to the claims against Defendant; (2) that it has read and understands this Order; (3) that by submitting a claim, it consents to the terms and agrees to be bound by this Order; (4) that the PACA

Claims Procedure involves the collection of PACA Trust Assets by Professionals for the common benefit of all PACA Trust Beneficiaries under the common fund; (5) that Administrative Costs, subject to the procedures and limitations stated in this Order, with the possible consequence that those payments may be made before PACA Trust Beneficiaries are paid in full; and (6) waiver of any potential rights to object to the Administrative Costs except as expressly provided in paragraph 30.

40. Regardless of how many Complaints, Amended Complaints, or Complaints in Intervention are filed, Defendant may file an omnibus answer to all Complaints. Defenses against specific claims shall be adjudicated through the claims procedure outlined herein.

41. Each claimant shall also serve a copy of its Complaint and PACA Proof of Claim upon the following persons:

For Plaintiffs:

June Monroe
Rynn & Janowsky, LLP
2603 Main Street, Suite 1250
Irvine, CA 92614

42. Except for good cause and the absence of substantial prejudice to the non-moving parties shown, **any supplier or creditor served with this Order and the notice and who fails to timely file both a PACA Proof of Claim and Complaint in Intervention with the Court shall be barred** from thereafter asserting any trust claim under PACA against the Defendant, the PACA Trust Assets, other PACA Trust Beneficiaries, or third parties. While claimants may be represented by counsel of their choice in this matter, all Proofs of Claims shall be verified by either the owners or the

authorized officers of the respective claimants having personal knowledge of the facts comprising such claims.

43. **<u>Any person not asserting a PACA trust claim, but wishing to challenge the scope, validity, or application of the PACA trust in this action must file and serve a Complaint in Intervention, only, and subject to the deadlines set forth in paragraph 37,</u>** *<u>supra</u>*<u>.</u>  **<u>Any individual or entity who does not comply with this paragraph shall be forever barred from challenging the scope, validity, or application of the PACA trust in this matter, including but not limited to the validity of a PACA trust claim or whether Defendant's assets are subject to the trust provisions of PACA, whether in this Court or any other forum.</u>** For purposes of complying with the requirements of this paragraph, Amended Complaints and Complaints in Intervention may be filed based upon this Order and without the need to file any other motion for leave to file the Amended Complaint or the Complaints in Intervention.

44. Documents that a potential PACA trust beneficiary does not timely file and serve along with its PACA Proof of Claim will be inadmissible as to such beneficiary at any evidentiary proceeding regarding the validity of its claim. This requirement does not apply to documents relied upon by the beneficiary to rebut a PACA claim objection.

45. Any objections to any PACA claims must be filed with the Clerk of the Court. Any and all such objections must be filed and served on or before the "**Deadline to File and Serve Objections to PACA Claims**." The objection must set forth in detail all legal and factual grounds in support of for the objection.

46. On or before the "**Deadline to File and Serve Replies to Claims Objections**," any potential PACA trust beneficiary whose claim is subject to an objection may file with the Court a detailed response to any objection received. The response may include any rebuttal evidence that the responding party wishes the Court to consider. A claim, or any portion subject to an objection, will be disallowed if a valid objection is timely filed and the beneficiary fails to file a timely response.

47. The beneficiary and the objecting party shall thereafter exercise best efforts to resolve any objections. If the beneficiary and the objecting party are unable to resolve such dispute or the objection is not withdrawn, the parties shall submit such dispute to the Court for summary resolution, on or before the "**Deadline to File Motion to Resolve Claim Objections and Objections to PACA Trust Chart**."

48. Any PACA claim listed on a Proof of Claim to which no objection has been filed and served prior to the Objection Deadline, is deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim. If a PACA claim is subject to a timely filed and served valid objection as to only a part of the claimed amount, the non-objected portion of the claim is deemed a valid PACA trust claim. Any PACA claim listed on a Proof of Claim to which an objection was timely filed but as to which an asserted PACA Trust Beneficiary fails to file a response on or before the Response Deadline, is disallowed to the extent of the timely-filed objection.

49. On or before the "**Deadline to File and Serve PACA Trust Chart**" Plaintiffs' Counsel shall prepare, file with the Court, and serve upon all counsel of record, a chart listing each person or entity having properly and timely filed a PACA Proof of Claim, the amount of the claims and the disputed and undisputed portions of

each claim to expedite the Court's resolution of the remaining disputed claims (the "PACA Trust Chart"). The PACA Trust Chart must also list the funds available for distribution on deposit at the time in the PACA Trust Account ("Available Funds"). In addition, the PACA Trust Chart must list the pro-rata distribution of the Available Funds to the undisputed and disputed claims, allowing for a reserve pending the overruling of timely objections.

50. The pro-rata portion of any claim subject to an objection shall be held in the PACA Trust Account until such time as the objection to the particular proposed distribution is resolved. Upon resolution of the objection, the reserve portion shall be used either to make the pro-rata distribution to the claim if the Claimant prevails or shall be made available for distribution to other valid claims, proportional to their valid amounts, if the objection is sustained.

51. At the time the PACA Trust Chart is filed, Plaintiffs' Counsel shall file and serve on all counsel of record who filed a PACA Proof of Claim, a report detailing all objections to claims and attaching thereto the PACA Proof of Claim subject to an objection, the objection to the claim, and the response to the objection ("*Report of Claims*").

52. On or before the "**Deadline to File and Serve Objections to PACA Trust Chart**," any party in interest may file and serve on counsel of record an objection to the PACA Trust Chart.. If no objections to the proposed treatment of a claim as listed on the PACA Trust Chart are filed, then all figures shall be conclusively determined.

/ / / /

/ / / /

53. The mere objection to the characterization of a claim as disputed or undisputed will not serve as a valid objection to the PACA Trust Chart or prevent distribution according to its terms.

54. Any timely objections to the PACA Trust Chart shall be resolved between the parties or submitted to the Court on motion for ruling on or before the "**Deadline to File and Serve Motion to Resolve Objections to PACA Trust Chart**."

55. Absent timely, valid objections to the PACA Trust Chart, Plaintiffs' Counsel shall disburse the Available Funds in the PACA Trust Account to the holders of valid PACA trust claims in accordance with, and as set forth in, the PACA Trust Chart on or before the Anticipated Interim Distribution Deadline. Plaintiffs' Counsel shall make the distributions payable to the client trust account of the PACA Trust Beneficiary's attorney of record. If any attorney represents more than one PACA Trust Beneficiary, the distribution may be made in one lump sum in the aggregate amount of all the attorney's clients' distributions. Each attorney has the duty to distribute the funds to their clients in accordance with the PACA Trust Chart.

56. The following procedure relating to the PACA Trust Chart shall be followed to make subsequent distributions. Plaintiffs' shall file and serve a PACA Trust Chart upon counsel of record. All parties have seven days after the date of service of the PACA Trust Chart to file and serve timely, valid objections to the PACA Trust Chart. Absent timely, valid objections, Plaintiffs' Counsel is authorized to make the distribution stated in the PACA Trust Chart without Court Order.

## EXPEDITED DISCOVERY

57. In addition to the disclosure requirements stated in paragraph 35, Defendant and its counsel, agents, or representatives shall have additional disclosure and discovery obligations in this section.

58. No later than five business days after entry of this Order, Defendant shall provide a detailed listing of all cash, checks, deposits or other monies in their possession, custody or control, outstanding accounts receivable, including credit transactions, accounts payable, current banking statements, and a detailed itemization of the assets and liabilities of Jarz to Plaintiffs' Counsel.

59. Defendant or other custodian of record, upon reasonable notice to their counsel, shall provide Plaintiffs, or their agents, with access to Defendant' business books and records, including, without limitation, all invoices, credit memoranda, accounts-receivable ledgers, insurance policies, inventory lists, accounts-payable lists, customer lists, vendor invoices and access to Defendant' computers, computer software and related passwords.

60. The Parties agree that during the pendency of this action, and continuing thereafter, Plaintiffs and their counsel, agents, or representatives, shall have full and complete and continuing access to all of Defendant' books and records, including those set forth in paragraph 58, above, relating to Defendant' business and personal financial status from commencement of Defendant' business activities forward for the purpose of verifying Defendant' accountings required by this Order and for enforcement of this Order. Defendant shall, upon 48 hours' notice by Plaintiffs' Counsel, allow inspection

and copying of the books and records of said Defendant by Plaintiffs or their representatives at Defendant' places of business.

61. The Parties agree that during the pendency of this action, Plaintiffs shall be entitled to depose, under oath, at reasonable times and places, upon at least 48 hours' notice, Defendant and/or Defendant's other principals, owners, directors, officers, shareholders, employees, agents and accountants concerning any matter pertaining to any accounting due pursuant to this Order, any books which Plaintiffs are entitled to inspect under this Order, the trust assets or any of Defendant's assets, and/or Defendant's business practices, procedures or operations from commencement of Defendant's business activities.

## **ADMINISTRATION**

62. This Court will exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets and the PACA Trust Account established under this Order. The Court also hereby retains jurisdiction to enter further orders to enforce the terms of this PACA Claims Procedure.

63. Because PACA Trust Assets are being used to administer the trust, telephonic appearances of counsel are permitted for all non-evidentiary hearings without further leave or order of Court.

64. Since the initial disclosures and discovery are, in part, being provided for in this Order, the parties to this action are hereby exempted from and otherwise relieved of complying with Rule 26(a)(1) of the Federal Rules of Civil Procedure (the "*Federal Rules*"). The Parties are hereby further relived of complying with any condition precedent to their ability to issue subpoenas pursuant to Rule 45 of the Federal Rules.

65. Upon completion of this PACA claims procedure, the Court shall hold a Rule 16 Conference and thereafter enter a Case Management Order.

IT IS SO ORDERED.

DATED: September 13, 2019

*Christina A. Snyder*
HON. CHRISTINA A. SNYDER
U.S. DISTRICT COURT JUDGE

[SIGNATURE CONTINUED ON NEXT PAGE]

1 | Respectfully submitted on September 16, 2019.

2 | STIPULATED AND AGREED BY:

RYNN & JANOWSKY, LLP

DATED: September 16, 2019

June Monroe
Rynn & Janowsky, LLP
2603 Main Street, Suite 1250
Irvine, CA 92614
T: 949.752.2911
F: 949.752.0953

Attorneys for Plaintiffs 1st Quality Produce, Inc., et al.

CLARK & TREVITHICK, PLC

DATED: September 16, 2019

John A. Lapinski
Clark & Trevithick, PLC
445 South Figueroa Street, 18th Floor
Los Angeles, CA 90071-1605
T: 213.629.5700
F: 213.624.9441
Email: jlapinski@clarktrev.com

Attorney for Defendant