JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 1ST QUALITY PRODUCE, INC., a California corporation; JHP PRODUCE, INC., a California corporation, dba J. Hellman Produce; DIRECT PRODUCE, INC., a California corporation; GO-FRESH PRODUCE, INC., a California corporation; EXCELL PROD, INC. a California corporation, et al.<br><br>    Plaintiffs,<br><br>  vs.<br><br>JARZ, INC., a California corporation, dba S&L DISTRIBUTION, dba LIPKIN DISTRIBUTION,<br><br>    Defendant. | CASE NO. 2:19-cv-7314 CAS(SKx)<br><br>**[~~PROPOSED~~] PERMANENT INJUNCTION ORDER PURSUANT TO STIPULATION** |

/ / / /

/ / / /

/ / / /

/ / /

|   |   |
|---|---|
| 1 | HENRY AVOCADO CORPORATION, a California corporation, |
| 2 |   |
| 3 | Intervening Plaintiff, |
| 4 | vs. |
| 5 | JARZ, INC., a California corporation, d/b/a S&L DISTRIBUTION, and d/b/a LIPKIN PRODUCE a/k/a LIPKINS PRODUCE, |
| 6 |   |
| 7 | Defendant. |

This Court having read and considered the Stipulation for Entry of Permanent Injunction Order by the Parties, Plaintiffs 1st Quality Produce, Inc.; Astro Food Service, Inc.; Baja's Produce, Inc.; Coosemans L.A., Inc.; Delta Space Corp. dba Continental Processors; Direct Produce, Inc.; Excell Prod, Inc.; Go-Fresh Produce, Inc.; Great West Produce, Inc.; JHP Produce, Inc., dba J. Hellman Produce; Los Angeles Produce Fresh, LLC; Produce International, LLC; S & H Packing and Sales Co., Inc. dba Season Produce Co.; Scarborough Farms, Inc.; T N T Produce Co., Inc.; and VIP Marketing, Inc. (collectively "1QP Group"), and Intervening Plaintiff Henry Avocado Corporation ("Henry Avo," with 1QP Group collectively referred to as "Plaintiffs"), and Defendant Jarz, Inc. dba S&L Distribution, dba Lipkin Distribution, dba Lipkin Produce and dka Lipkins Produce ("Defendant" and with Plaintiffs collectively referred to as the "Parties"), and good cause appearing therefor:

///

IT IS HEREBY ORDERED that the Stipulation is granted in its entirety, specifically:

1. The Consent Injunction and Agreed Order Establishing PACA Claims Procedure ("Preliminary Injunction") [Doc. No. 14] is transitioned to a permanent injunction with respect to the following:

    a. Defendant acknowledges that Plaintiffs are valid trust creditors under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e.

    b. Defendant acknowledges that PACA Trust Assets includes, without limitation, all perishable agricultural commodities received in all transactions, all inventory of food or other products derived from such perishable agricultural commodities ("Produce"), all accounts receivable or proceeds from the sale of Produce and food or other products derived therefrom [7 C.F.R. §46.46(b)], as well as any and all assets acquired or maintained with such proceeds, cash, funds in bank accounts, assets and other trust assets held in Defendant's names, and all assets commingled therewith (the "PACA Trust Assets").

    c. Defendant acknowledges its assets, including without limitation, furniture, fixtures, equipment, vehicles, leases, real property and leasehold improvements (the "FF&E"), are presumed to have been

        acquired with proceeds from the sale of the Produce and are impressed with the PACA Trust are deemed to be included within the definition of PACA Trust Assets.

d. Plaintiffs acknowledge that Defendant has complied with the Preliminary Injunction by turning over liquidated PACA Trust Assets to Plaintiffs.

e. Defendant shall turnover and assign to Plaintiffs any remaining PACA Trust Assets, specifically:

    i. Defendants' outstanding accounts receivables and all documents related thereto;

    ii. Defendant's F150 truck and the keys and title documents thereto, conditioned upon Plaintiffs' right of refusal in the event storage costs and repairs exceed the estimated fair market value;

    iii. Any future refunds or rebates received by Defendant.

f. Defendant shall immediately execute and deliver, or shall cause to be executed and delivered, such further instruments of conveyance and transfer, and shall take such other actions as Defendants may reasonably request, to convey and deliver the PACA Trust Assets to Plaintiffs, to perfect Plaintiffs' title thereto, and to accomplish the

orderly transfer of the PACA Trust Assets to Plaintiffs in the manner contemplated by this permanent injunction.

2. Counsel for Plaintiffs 1QP Group, June Monroe of the law firm Rynn & Janowsky, LLP, shall distribute all remaining funds, the approximate amount of $30,003.45, in the PACA Trust Account established by paragraph 24 of the Preliminary Injunction, in the pro-rata percentages set forth in paragraph 8 of the Order Approving Stipulation Determining the Validity of PACA Trust Claims and for Interim Distribution ("Validity Order") [DE 44].

3. Distribution of any remaining liquidated PACA Trust Assets, turned over by Defendant and assigned to Plaintiffs, shall be distributed in the pro-rata percentages set forth in paragraph 8 of the Validity Order, or other percentages agreed to among Plaintiffs based on the Plaintiffs participating in the collection efforts of the remaining PACA Trust Assets.

4. The above-captioned complaint and intervening complaint is dismissed, without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

///

///

///

///

///

5. The Court shall retain jurisdiction over this matter pursuant to *Kokkonen v. Guardian Life Ins.,* 511 U.S. 375 (1994) to enforce this permanent injunction between the Parties as well as all orders entered by the Court in this matter, which orders shall retain their enforceability.

IT IS SO ORDERED.

DATED: October 2, 2020

_____
HON. CHRISTINA A. SNYDER
U.S. DISTRICT COURT JUDGE